**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 97-4941

MATTHEW DAVIS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
James A. Beaty, Jr., District Judge.
(CR-95-284)

Submitted: July 7, 1998

Decided: August 28, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. David Lloyd, Greensboro, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Matthew Davis entered a plea of guilty to three counts of a six-count indictment: conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(c)(1), 846 (1994) (Count I); possession with intent to distribute crack cocaine within 1000 feet of an elementary school, in violation of 21 U.S.C.§§ 812, 841(a)(1), 860 (Count IV); and carrying and use of a firearm in connection with a drug trafficking offense, in violation of 21 U.S.C.A. § 924(c)(1) (West 1994 & Supp. 1998) (Count V). Davis contends on appeal that the district court abused its discretion when it denied his motions to withdraw his guilty plea. We affirm.

The evidence presented at the guilty plea hearing established that Davis was involved in a conspiracy with several other individuals to distribute heroin, and that Davis distributed crack cocaine within 1000 feet of a public school. At the time of his arrest, Davis had in his possession a loaded pistol, which he pointed at officers when they entered his home.

Three months after he entered his guilty plea, Davis informed his attorneys that he wished to withdraw the plea.[1] In a subsequent motion filed by Davis' attorney, Davis contended that he was actually innocent of the charges, that his two previous privately-retained attorneys pressured him into signing the plea agreement, and that he simply took their advice. The district court denied the motion, holding that there was no fair and just reason to allow Davis to withdraw his plea.

_____

[1] Davis informed his two privately-retained attorneys that he wished to withdraw his guilty plea on April 24, 1996, the day before his scheduled sentencing hearing. At the sentencing hearing the next day, Davis' attorneys stated that he wished to dismiss them, retain substitute counsel, and then file a motion to withdraw his plea. The district court continued the sentencing hearing to enable Davis to hire a new attorney to represent him on a withdrawal motion. A new attorney, W. David Lloyd, was appointed by the court to represent Davis. Lloyd moved to withdraw Davis' guilty plea on May 17, 1996.

2

On July 28, 1997, Davis filed another motion to withdraw his guilty plea based on new grounds. Specifically, Davis contended that the district court did not fully comply with Rule 11 in accepting Davis' plea; that his attorneys failed to go over the elements of the charges with him; that the district court itself impermissibly entered into plea negotiations; and again that he was innocent. The district court denied the motion.

We review the district court's denial of a motion to withdraw a guilty plea under Rule 32(e) for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). If a defendant moves to withdraw his guilty plea prior to sentencing, the court may permit withdrawal of the plea "if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e). A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). An appropriately conducted Rule 11 proceeding raises a strong presumption that the guilty plea is final and binding. See Lambey, 974 F.2d at 1394. This Court set out factors relevant to a showing of "fair and just reason" in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1992).

Applying the test set out in Moore, we find that Davis did not offer a fair and just reason for withdrawal of his plea. A review of the transcript shows that the plea hearing was conducted in full accordance with Rule 11. See Fed. R. Crim. P. 11; United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Although Davis continually asserts his innocence, he offers no defense to the charges for which he was indicted, nor did he contest the Government's proffered evidence at the plea hearing, which the district court found was sufficient to establish a factual basis for the plea. See generally United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). There was a three-month delay between the time Davis entered his guilty plea and the time he informed his attorneys he wished to withdraw his plea. The record also shows that Davis received close assistance of competent counsel, and the Government would have been prejudiced by having to prepare for trial again.[2]

_____

[2] To the extent Davis contends the district court improperly involved itself in the plea negotiations by using the term "we" in the context of the

3

We therefore find that the district court did not abuse its discretion in denying Davis' motions. Accordingly, we affirm Davis' conviction. We deny Davis' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

hearing on the plea agreement, this argument is meritless. The district court's use of the term "we" was colloquial, and the record shows that the court had no personal involvement in the plea negotiations between the parties.

4